UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNIE L. ESPINO,<br><br>    Plaintiff,<br><br>    v.<br><br>WINN RESIDENTIAL, et al.,<br><br>    Defendants. | Case No. 18-cv-02729-JCS<br><br>**REPORT AND RECOMMENDATIONS RE REVIEW UNDER 28 U.S.C. § 1915** |

## I. INTRODUCTION

The Court granted Plaintiff's request to proceed in forma pauperis and therefore is required to review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987). The undersigned has reviewed Plaintiff's complaint and finds that it is not sufficient to survive the Court's initial review because Plaintiff has not established the existence of federal jurisdiction. In addition, at least one claim cannot be cured by amendment and should be dismissed with prejudice. Because the undersigned does not have consent of all parties and therefore does not have jurisdiction to dismiss any claims, this case will be reassigned to a district judge. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (magistrate judge may not dismiss any claim without consent of all parties). **The Case Management Conference set for August 10, 2018 is vacated.**

## II. BACKGROUND

Plaintiff Minnie Espino filed an initial complaint on May 9, 2018 and a First Amended Complaint ("FAC") on June 28, 2018.[1] In the caption of the FAC, Plaintiff names "Winn Residential Management LLC" ("Winn Residential") as the sole defendant. In the body of the complaint, she alleges that Winn Residential is a "housing corporation that operates and manages affordable housing for low income [f]amilies, [m]ilitary families, [v]eterans, [s]eniors and persons with disabilities." FAC ¶ 2. Plaintiff alleges that Winn Residential is a resident of Boston Massachusetts and that it has places of business in both Boston, Massachusetts and Fresno, California. *Id.* ¶¶ 3, 6.[2]

In the section entitled "Parties," Plaintiff lists five individuals as defendants, alleging that each is an employee of Winn Residential. *Id.* ¶¶ 10–14. First, Plaintiff names Patrick Appleby, who she identifies as the President of "Winn Residential California Inc[.],[3] properly known as Winn Residential Management LLC." *Id.* ¶ 10. Plaintiff provides a Massachusetts address for Appleby. *Id.* Second, Plaintiff names Kevin Granti, who she alleges is a Senior Vice President of Winn Residential's "Western Region of California." *Id.* ¶ 11. Third, Plaintiff names Esther Ioane, who she alleges is a Winn Residential property manager at the Monte Vista Senior Apartments in San Pablo, California. *Id.* ¶ 12. Fourth, Plaintiff names "T Richardson," a "Senior property manager" with Winn Residential. *Id.* ¶ 13. Plaintiff provides California addresses for Granti, Ioane, and Karr. *Id.* ¶¶ 11–13. Finally, Plaintiff names Jaclyn Karr, who she identifies as an "Executive property manager" for Winn Residential's "Western Region of California." *Id.* ¶ 14.

---

[1] Because the First Amended Complaint supersedes the original complaint, the Court will evaluate the merits of the amended complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). For the most part, the factual allegations of the original complaint mirror those of the amended complaint.

[2] The Court takes judicial notice under Rule 201 of the Federal Rules of Evidence that an entity named "Winnresidential Management LLC" is listed on the official website of the Massachusetts Secretary of State as a "domestic limited liability company" organized in Massachusetts on December 16, 2010. The Court construes Plaintiff's complaint as attempting to name this entity as a defendant (rather than "Winn Residential Management LLC") and uses the short form "Winn Residential" to refer to it.

[3] The Court takes judicial notice under Rule 201 of the Federal Rules of Evidence that an entity named "Winnresidential California Inc." is listed on the official website of the California secretary of State as a California corporation with a business address in Boston, Massachusetts.

2

Karr is listed under an Arizona address. *Id.* Plaintiff identifies diversity of citizenship as the basis for federal jurisdiction. *Id.* ¶ 6.

Plaintiff alleges that "Plaintiff and Defendants' [sic] are citizen[s] of different states [because] Plaintiff is a resident of California and Defendant is a resident in Boston, Massachusett[s]." *Id*. ¶ 6. She further alleges that the amount in controversy exceeds $75,000. *Id.* Plaintiff also claims that the Court has supplemental jurisdiction over this matter. *Id.* ¶ 7.

According to Plaintiff, on June 9, 2017, Plaintiff was verbally told that her application for tenancy at Monte Vista Senior Apartments ("Monte Vista"), a Winn Residential property, had been denied. *Id.* ¶ 16. She alleges that "[u]pon numerous request[s] for a written decision for a denied application, Plaintiff was mailed a copy of a written screening report Defendants[ ] had retrieved without permissible purpose and the usage of the report." *Id*. Plaintiff alleges that Defendants "made an error" in her consumer screening report which prevented her from being able to dispute its information. *Id.* ¶ 17.

Plaintiff alleges that on August 23, 2017, she visited Monte Vista to obtain a corrected consumer report, an application fee receipt, and a written denial letter, which she needed to transfer her housing voucher from Contra Costa County back to Alameda County. *Id.* ¶¶ 18–20. Upon making these requests, Plaintiff alleges, Defendant Ioane, the Monta Vista manager, became agitated, shouted "I am not giving you nothing," and told Plaintiff that the written denial letter needed to come from Core Logic, the consumer report agency. *Id.* ¶¶ 21–22. Plaintiff alleges that while in the office, Ioane called Core Logic about the report but the representative refused to speak with Ioane because Plaintiff was not in their files under a Monte Vista address. *Id.* ¶ 23. Plaintiff alleges that Ioane then became upset because the Core Logic representative would not speak to her and angrily chased Plaintiff from the building, shouting at her along the way and telling her to never return. *Id.* ¶¶ 24–28. According to Plaintiff, after she had already left the property and was waiting at a nearby bus stop, Ioane called the police and filed a false report on her. *Id.* ¶ 34.

Plaintiff asserts multiple claims in the FAC, many of which appear to overlap. First, in the

3

1    section entitled "First Claim," she asserts that Winn Residential violated 15 U.S.C. § 1681b[4] when
2    it "retrieved a consumer report without a permissible purpose[] and usage and took Adverse
3    Action without written notice[]." *Id.* ¶¶ 35–37.  Plaintiff also invokes 18 U.S.C. § 242 and 42
4    U.S.C. § 1983 in support of this claim.  *Id.* ¶ 35.
5        Second, in the section entitled "Second Claim," Plaintiff asserts defamation claims against
6    Ioane and Winn Residential, alleging that Defendants made false oral and written statements about
7    Plaintiff which harmed her character and reputation.  *Id.* ¶¶ 38–46.
8        Third, in the section entitled "Third Claim 42 USC 1983 Punitive Damages," Plaintiff
9    points to conduct that she alleges amounted to "outrageous behavior and misconduct," *id.* ¶ 59,
10   including Winn Residential's "Executive Managers" ignoring her letters notifying them of Ioane's
11   "aggressive anger and misconduct," *id.* ¶¶ 51, 59 and Winn Residential's attorney improperly
12   relying on hearsay in a letter he sent in response to correspondence from Plaintiff.[5]  *Id.* ¶¶ 54–57.
13       In the two sections that follow, entitled "Municipalities for liability under 42 USC 1983"
14   and "Plaintiff Personal Rights," Plaintiff reiterates allegations that Winn Residential violated her
15   constitutional rights, invoking both 42 U.S.C. § 1983 and California Civil Code 52.1.  *Id.* ¶¶ 66–
16   77.
17       Next, in the sections entitled "In the Alternate, A Claim of Negligent and Gross Negligent"
18   and "Liability and Damages under 42 USC 1983," Plaintiff alleges acts of negligence and gross
19   negligence by Winn Residential and its employees.  *Id.* ¶¶ 78–100.  First, she alleges that
20   Defendants negligently failed to provide her with the proper written documents pertaining to her
21   application denial.  Second, she alleges that Defendants negligently failed to appropriately
22   supervise and train their property managers, both with respect to providing the proper written
23   documents and maintaining respectful professional conduct.  *Id.*
24       Finally, Plaintiff includes a section entitled "Liability and Damages under 42 USC 1983"

---

[4] Although Plaintiff refers to 15 U.S.C. § 1681(b), it is clear from her allegation that the violation involved obtaining a credit report "without a permissible purpose" that Plaintiff intends to invoke 15 U.S.C. § 1681b.
[5] Letters from Plaintiff to Winn Residential and from Winn Residential to Plaintiff are attached to the original complaint.  It is not clear in the FAC which of these letters is the basis for Plaintiff's claim.

4

in which she alleges that Winn Residential is liable "for failing to supervise and train their property managers how to make fair proper decision respectfully as a property manager, and provide written notices when it applicable with a supervisor revie[w] of a perspective [sic] tenants['] situation." *Id.* ¶ 88.

### III. ANALYSIS

#### A. Legal Standard

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute*, *as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

**B.     Whether there is Federal Jurisdiction**

As a preliminary matter, the Court must address whether there is federal jurisdiction over Plaintiff's complaint. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. In her complaint, Plaintiff states that her claim is based on diversity jurisdiction. FAC ¶ 6. The Court, however, finds that she has not established federal jurisdiction on the basis of diversity.

The diversity jurisdiction statute, 28 U.S.C. § 1332, applies where more than $75,000 is in controversy and the action is between citizens of different states. Diversity jurisdiction requires complete diversity, that is, no defendant may be a citizen of the state of which the plaintiff is a citizen. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff's FAC fails to establish the existence of complete diversity for two reasons. First, although Plaintiff alleges that Winn Residential is a resident of Massachusetts, she has not included specific allegations to support that conclusory allegation. In particular, while Winn Residential is registered as a Massachusetts LLC, the Ninth Circuit has held that for the purposes of diversity, an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In the absence of any allegations in the FAC addressing the citizenship of the LLC's members, the Court is unable to determine whether Winn Residential is a resident of Massachusetts.

Second, Plaintiff alleges that Defendants Granti, Ioane, and Richardson are employed by Winn Residential in California. *Id.* ¶¶ 11–13. As Plaintiff does not include any allegations suggesting that these Defendants reside outside of California, the only plausible inference is that they are citizens of California for the purposes of diversity, as is Plaintiff. Accordingly, there is not complete diversity as is required to establish diversity jurisdiction over Plaintiff's complaint.

The Court further concludes that Plaintiff has not stated any viable claim that would give rise to federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution,

6

1  laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is
2  governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only
3  when a federal question is presented on the face of the plaintiff's properly pleaded
4  complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).   Although Plaintiff has
5  attempted to assert federal claims under the Fair Credit Reporting Act ("FCRA"), 18 U.S.C. § 242
6  and 42 U.S.C. § 1983, none of these claims is sufficiently alleged to survive the Court's review
7  under 28 U.S.C. § 1915 for the reasons stated below.

### C.  Fair Credit Reporting Act Claims

Plaintiff alleges that Winn Residential violated the Fair Credit Reporting Act by: 1) retrieving her customer report "without permissible purpose" and 2) taking "[a]dverse action without written [n]otices." *Id.* ¶¶ 35, 37.[6]  The Court concludes that neither claim is adequately alleged.

####    i.   Permissible Purpose

The FCRA's purpose is to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."  15 U.S.C. § 1681(b). Section 1681b(f) of the FCRA "prohibits any person from using or obtaining a consumer report for anything other than permissible purposes." *Myers v. Bennett Law Offices*, 238 F. Supp. 2d 1196, 1200 (D. Nev. 2002).  The *Myers* court outlined the three elements that plaintiffs must prove to prevail on such a claim:

> First, Plaintiffs must demonstrate that Defendant obtained a "consumer report" from a "consumer reporting agency" under the FCRA.  *See* 15 U.S.C. § 1681a(d).  Second, Plaintiff must establish that the Defendant obtained their credit reports under false pretenses or knowingly without a permissible purpose.  And finally, the Plaintiff must show that the Defendant acted willfully or negligently

---

[6] In her FCRA claim Plaintiff also invokes 42 U.S.C. § 1983. *See* FAC ¶ 35. The FCRA creates a private right of action "against businesses that use consumer reports but fail to comply." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). Therefore, Plaintiff's claims under 42 U.S.C. § 1983 based on alleged violations of the FCRA are duplicative of the FCRA claims and the Court need not address them here.

7

when it requested the report.  15 U.S.C. § 1681n–o.

*Id.*; *see also VanDyke v. N. Leasing Sys., Inc.*, No. 17-1877 FCD GGH PS, 2009 WL 3320464, at *3 (E.D. Cal. Oct. 14, 2009) (applying this standard on a Rule 12(b)(6) motion).

Here, the Court assumes that CoreLogic, which allegedly provided the credit report, is a "consumer reporting agency" under the FCRA.  However, Plaintiff fails to plausibly allege that Winn Residential obtained the report "under false pretenses or knowingly without a permissible purpose."  *See* 15 U.S.C. § 1681n.  Section 1681b(a)(3)(A) provides that a permissible purpose for obtaining a consumer report is where intent exists "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  Screening potential tenants to determine if their credit history makes them a suitable tenant falls within that purpose.  *See* 24 C.F.R. § 982.307(a) (U.S. Department of Housing and Urban Development (HUD) regulation for affordable housing programs permitting landlords to "screen prospective tenants and reject them if screening reveals red flags in terms of paying rent and utility bills");  HUD Handbook 4350.3 § 4-23 ("Examining an applicant's credit history is one of the most common screening activities.").  The only plausible inference that arises from the facts alleged in the complaint is that Defendants obtained Plaintiff's credit report in order to determine if she qualified to become a tenant of Monte Vista.

The Court further finds that Plaintiff has alleged no specific facts to support her conclusory allegation that Defendants acted willfully or negligently in obtaining her credit report without a permissible purpose.  Courts have held that mere recitation of the standard is not sufficient, at the pleading stage, to establish the requisite mental state under Section 1681b(f).  *See Braun v. United Recovery Sys.*, LP, 14 F. Supp. 3d 159, 171-172 (S.D.N.Y. 2014).  Therefore, Plaintiff fails to allege sufficient facts to state a claim under 15 U.S.C. § 1681b(f).

      ii.    Notice

Section 1681m of the FCRA establishes certain duties on the part of those who take adverse action against a consumer based on information contained in a consumer report, including imposing  notice requirements.  15 U.S.C. § 1681m.  In particular, subsection (a) provides as

follows:

(a) **Duties of users taking adverse actions on basis of information contained in consumer reports**

If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall—

(1) provide oral, written, or electronic notice of the adverse action to the consumer;

(2) provide to the consumer written or electronic disclosure--

(A) of a numerical credit score as defined in section 1681g(f)(2)(A) of this title used by such person in taking any adverse action based in whole or in part on any information in a consumer report; and

(B) of the information set forth in subparagraphs (B) through (E) of section 1681g(f)(1) of this title;

(3) provide to the consumer orally, in writing, or electronically—

(A) the name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and

(B) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; and

(4) provide to the consumer an oral, written, or electronic notice of the consumer's right—

(A) to obtain, under section 1681j of this title, a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (3), which notice shall include an indication of the 60-day period under that section for obtaining such a copy; and

(B) to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

15 U.S.C. § 1681m(a).

Here, Plaintiff bases her claim on the grounds that Winn Residential "took [a]dverse [a]ction without written [n]otice[]." FAC ¶ 37. The FCRA, however, expressly provides that notice of adverse action can be either "*oral*, written, or electronic." 15 U.S.C. § 1681m(a)(1)

9

1  (emphasis added).  As Plaintiff alleges in her complaint that she "was told verbal[ly] that a rental
2  application was denied" and mailed a copy of her credit report, her claim fails to the extent it is
3  based on the theory that she was entitled to written notice under the FCRA. FAC ¶ 16.  To the
4  extent she seeks to base her notice claim on a different theory, she must allege specific facts
5  identifying the information she contends Defendants failed to provide, as well as the relevant
6  subsection of the FCRA's notice section.  Because she has not done so in her complaint, her
7  FCRA notice claim does not survive the Court's initial screening.

### D. 18 U.S.C. § 242

In the FAC, Plaintiff seeks to assert a claim under 18 U.S.C. § 242, which provides, in relevant part, as follows:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both[.]

18 U.S.C. § 242.  This claim fails and cannot be cured because it is based on a provision of the federal criminal code and Plaintiff, who is a private citizen, does not have standing to assert such a claim.  *See Lasko v. Am. Bd. of Surgery*, 47 F. Supp. 3d 1122, 1136 (D. Nev. 2014) (dismissing civil rights claim asserted under, *inter alia*, 18 U.S.C. § 242 on the basis that this provision "create[s] [a] criminal violation[ ],  . . . . and [is] not [a] statute[ ] under which a private citizen may bring a civil action; only the federal government may prosecute crimes under [this] Title 18 provision"), order vacated in part on other grounds on reconsideration sub nom. *Lasko v. Am. Bd. of Internal Med.*, 92 F. Supp. 3d 1013 (D. Nev. 2015).  It is recommended that the Court dismiss this claim with prejudice as it cannot be cured by amendment.

### E. 42 U.S.C. § 1983

Plaintiff also asserts that Defendants violated her rights under 42 U.S.C. § 1983.  She asserts this claim on several theories.  First, Plaintiff seems to assert a claim under 42 U.S.C. § 1983 based on the alleged violations of the FCRA discussed above. *See* FAC ¶ 35 (alleging

within the "First Claim" section of the FAC, attempting to assert a claim under the FCRA, that "[t]here is violations of rights under . . . 42 USC 1983[ ] to deprivation of right under Federal Codes and Statutes."). That claim fails for the same reasons her claims under the FCRA are insufficiently pled. Second, she attempts to assert her claim on the basis that Winn Residential "fail[ed] to supervise and train their property managers how to make fair proper decisions respectfully as a property manager, and provide written notices when it applicable with a supervisor revie[w] of a prospective tenants['] situation." FAC ¶ 88. Third, she asserts that her constitutional rights were violated but does not identify any particular constitutional violation. *See* FAC ¶ ¶ 67, 69, 72. The Court construes Plaintiff's second and third theories liberally as attempting assert claims under the Due Process Clause of the Fourteenth Amendment, which prohibits the States from depriving any person of property without due process of law, and under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Court concludes that these claims are insufficiently pled for the reasons set forth below.

Section 1983 does not create any independent substantive rights, but merely provides a vehicle by which individuals may vindicate "federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 270 (1994) (citation and internal quotation marks omitted). Courts have found that under some circumstances, applicants for housing benefits under Section 8 of the United States Housing Act, 42 U.S.C. §§ 1437f, *et seq*., are entitled to due process protection because they have a property interest in Section 8 benefits. *See Ressler v. Pierce*, 692 F.2d 1212, 1214 (9th Cir. 1982). All of the cases the Court has found that have allowed a due process claim in this context, however, have involved project-based housing programs.[7] *See Greene v. Carson*, 256 F. Supp. 3d 411, 426-429 (S.D.N.Y. 2017) (allowing the plaintiff's due process claims against HUD and the owner of a project-based Section 8 low income housing development to proceed); *Coley v. Brook Sharp Realty LLC*, No. 13-7527 (LAP), 2015 WL 5854015, at *13–14 (S.D.N.Y. Sep. 25, 2015) (considering the plaintiff's substantive and procedural due process claims against

---

[7] As the court in *Greene* explained, "[t]here are two forms of section 8 housing: tenant-based and project-based. In tenant-based housing, an assisted family selects their home and their assistance travels with them should they move. In project-based housing, rental assistance is provided to families who live in designated developments or units." 256 F. Supp. 3d at 415 n.1.

1  the owner of a project-based Section 8 low income housing development).

2  On the other hand, where the housing program is "tenant-based," that is, the assistance travels with the recipient, at least one court has concluded that the landlord is a private entity and therefore, that there is no state action for the purposes of the Fourteenth Amendment. *Reyes-Garay v. Integrand Assur. Co.*, 818 F. Supp. 2d 414, 434–35 (D.P.R. 2011) (finding that where the plaintiff was a participant in HUD's Housing Choice Voucher Program the "[l]andlord [was] clearly a private entity that has contracted with the state" and that "the [contract] between Landlord and the [state Housing Finance Authority] . . .[did] not convert [the] Landlord into a state actor."). The undersigned agrees with the court in *Reyes-Garay* that a due process claim cannot be asserted against a private landlord who provides housing to participants in the Housing Choice Voucher Program. As Plaintiff's FAC includes numerous allegations referring to her use of housing vouchers – and includes no allegations suggested that Monte Vista is part of a project-based housing program – the Court concludes she has failed to raise a plausible inference in her FAC that any defendant is a state actor for the purposes of the Fourteenth Amendment.

Finally, Plaintiff has not stated a viable claim under *Monell*. While a state actor can be held liable for constitutional violations that result from a failure to train, *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 380 (1989), Plaintiff has not identified any defendant that is a state actor and therefore also has not stated a claim for any constitutional violation.

Accordingly, the Court concludes that Plaintiff has not stated any viable claim under 42 U.S.C. § 1983.

### IV. CONCLUSION

Because Plaintiff's FAC does not establish the existence of federal jurisdiction on the basis of diversity or on the basis of a federal question, it is recommended that the district court judge dismiss Plaintiff's complaint with leave to amend to establish federal jurisdiction. Because her claim under 18 U.S.C. § 242 cannot be cured, however, that claim should be dismissed with prejudice. If Plaintiff objects to the recommendations above, she may file objections no later than **fourteen days** after she is served with a copy of this Report. *See* 28 U.S.C. § 636(b).

If Plaintiff, who is not represented by counsel, intends to file an amended complaint, she is

encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, California. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, California. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Dated: July 27, 2018

_____
JOSEPH C. SPERO
United States Magistrate Judge